UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **S&S HEALTHCARE STRATEGIES LTD,** | Case no. 1:17cv783 |
| Plaintiff, | Judge William O. Bertelsman |
| v. | Magistrate Judge Karen L. Litkovitz |
| **THREE RIVERS PROVIDER NETWORK, INC.,** | **AGREED PROTECTIVE ORDER** |
| Defendant. | |

The parties have agreed to entry of this Order protecting the confidentiality of certain proprietary business information. Pursuant to the Federal Rules of Civil Procedure, the parties agree that all information exchanged during the course of discovery in this matter may be protected against unnecessary disclosure as follows:

1. Scope of Order. This Order shall govern all materials produced by the parties in response to any formal discovery requests in this action (including, but not limited to, deposition testimony, documents produced or things inspected pursuant to Rules 26, 34, or 45 of the Federal Rules of Civil Procedure, answers to requests for admissions, and answers to interrogatories), or any information contained in those materials, and all copies, excerpts, or summaries of those materials (collectively, "Discovery Material").

2. Non-Party Discovery Material. This Order shall also govern all Discovery Material produced during discovery by any non-parties, but only when a party or producing non-party requests the protections provided by this Order.

3. "Confidential" Discovery Material.

(a) Any Discovery Material produced by any party throughout this litigation, which the party in good faith deems to be confidential, may be designated as confidential ("Confidential Discovery Material"). A party wishing to designate any Discovery Material as Confidential shall do so by marking it "Confidential" on its face, on the electronic media containing the Discovery Material, in the name of the electronic folder containing the Discovery Material, or by any other means reasonably sufficient to place the receiving party on notice that the Discovery Material is intended to be designated as Confidential. Once Discovery Material is designated as Confidential Discovery Material, it is expressly subject to this Order. All Discovery Material produced without an express designation of confidentiality shall not be subject to this Order.

(b) Deposition testimony may also be designated confidential by an indication on the record at the deposition, or by written notice within a reasonable time of not less than 10 days following the date of the deposition. Each party shall attach a copy of such written notice or other label or legend to any copies of the depositions in its possession, custody, or control. Any deposition testimony designated as confidential shall constitute Confidential Discovery Material, as that term is defined in this Order. All depositions or portions thereof for which confidentiality is requested on the record shall be treated as confidential for a period of at least 10 days after the deposition transcript is available.

(c) Confidential Discovery Material may be used solely for purposes of this litigation, and may not be used for any business or other purpose.

(d) Confidential Discovery Material may be disclosed only to the following persons:

    (i) The court in which this case is pending and any court to which an appeal may lie;

(ii) Legal counsel for the parties in this action (including the employees and staff and counsel);

(iii) Outside vendors who perform photocopying, computer classification, scanning, or similar clerical functions, but only to the extent necessary to perform those services;

(iv) Court reporters and other persons engaged in preparing transcripts of testimony or hearings for this action;

(v) Experts retained or consulted by counsel or the parties for assistance in the preparation or prosecution of claims or defenses in this action; and

(vi) Parties and witnesses, for assistance in the preparation or prosecution of claims or defenses in this action.

Each such person shall be advised that the Confidential Discovery Material is subject to this Order, and that the individuals are bound by it.

(e) If any party wishes to use Confidential Discovery Material in the deposition of the party producing it or of a person described in Paragraph 3(d)(v)-(vi) above, then at the insistence of the producing party, all persons except those authorized by this Order to receive Confidential Discovery Material shall be excused from the deposition during the time the Confidential Discovery Material is being used or discussed.

4. "Attorney's Eyes Only" Discovery Material

(a) A party may designate Discovery Material as "Attorney's Eyes Only" if the party claims in good faith based on reasonable grounds that (i) such material contains or comprises trade secrets or other confidential research, development, financial, product, or sensitive commercial information of the party, and (ii) that it is of such a sensitive nature that the party reasonably fears competitive injury resulting from disclosure beyond the authorization contained in paragraph 4(b), below. A party wishing to designate Discovery Material as Attorney's Eyes Only shall do so by marking the Discovery Material "Attorney's Eyes Only" on its face, on the

3

electronic media containing the Discovery Material, in the name of the electronic folder containing the Discovery Material, or by any other means reasonably sufficient to place the receiving party on notice that the Discovery Material is intended to be designated as Attorney's Eyes Only.

(b) Discovery Material designated as Attorney's Eyes Only may be used solely for purposes of this litigation, and may not be used for any business or other purpose.

(c) Discovery Material designated as Attorney's Eyes Only is subject to all restrictions to which Confidential Discovery Material is subject, except that absent the written agreement of the parties it may be disclosed only to the persons identified in paragraphs 3(c)(i)-(ii) and 3(c)(iv)-(v) above. In the event that a party seeks to disclose Discovery Material that has been designated Attorney's Eyes Only to a person other than those identified in paragraphs 3(c)(i)-(ii) and 3(c)(iv)-(v), the party must submit a written request to the designating party that reasonably identifies the subject information, the person to whom the information will be disclosed, and why disclosure is believed to be necessary. The designating party shall have a reasonable time of not less than five business days to object in writing to the requested disclosure. The parties shall confer in good faith to resolve any objections under this paragraph without involving the Court. No disclosure shall be made until all objections have been resolved, either by written agreement between the parties or by court order if necessary. If the designating party does not object within the five-day period, the requesting party may disclose the information to the person identified, but both the requesting party and the person to whom the requesting party discloses the information shall continue to treat the information as Confidential Discovery Material.

5. <u>Filing of Confidential Discovery Material with the Court.</u> Discovery Material designated as Confidential or Attorney's Eyes Only shall not be filed with the court except

pursuant to a separate court order that is obtained in compliance with applicable law and procedures.

6. <u>No Restriction on Material Independently Obtained.</u> Nothing in this Order shall be deemed in any way to restrict the use of documents or information, which a party lawfully obtains independently of formal discovery in this action, whether or not the same material is also obtained through formal discovery in this action.

7. <u>No Waiver of Objections.</u>

(a) Nothing in this Order shall constitute a waiver of a Party's right to object to the production of Discovery Material or to demand more stringent restrictions upon the treatment and disclosure of any discovery material on the ground that it contains particularly sensitive information.

(b) Any party who, in good faith, inadvertently discloses Discovery Material without designating it as Confidential or Attorney's Eyes Only may seek to retroactively designate the Discovery Material as Confidential or Attorney's Eyes Only by agreement of the parties or through appropriate motion to the court.

(c) Any party who wishes to challenge the designation of Discovery Material as Confidential or Attorney's Eyes Only should first attempt to resolve the dispute over the designation extrajudicially, but may apply to the court for an order modifying the designation if extrajudicial efforts fail. If the court finds that the producing party designated the Discovery Material as Confidential or Attorney's Eyes Only in bad faith, the court may award to the receiving party reasonable attorney's fees and costs incurred in challenging the designation. A failure to object to a designation shall not be construed as acquiescence in the producing party's designation or as a waiver of any objection or right to seek redesignation.

8. <u>No Limitation on a Party's Use of Own Discovery Materials or Request for Modifications of this Order.</u>  Nothing in this Order shall limit or affect the right of a party to disclose or to authorize disclosure of Confidential Discovery Material produced by that party or to redesignate Discovery Material produced by that party to a less-restrictive designation. Any party may apply to the Court for modification of this Order at any time.

9. <u>Use of Confidential Discovery Material at Trial.</u> Restrictions on the use or disclosure of Confidential Discovery Material as specified in this Order shall continue during any trial or hearing in this case.  The use of Confidential Discovery Materials as evidence at trial or hearing in this case shall be subject to such protection as the court shall determine at that time.

10. <u>No Impairment of Counsel's Ability to Represent their Clients.</u>  Nothing in this Order shall bar or otherwise restrict any attorney from rendering advice to his or her client with respect to this action and, in the course of giving such advice, from referring to or relying generally upon his or her examination of Discovery Material. However, in rendering any such advice or otherwise communicating with his or her client, the attorney shall not disclose the contents or source of any Attorney's Eyes Only Discovery Material in a manner contrary to the terms of this Order.

11. <u>Post-Litigation Treatment of Confidential Discovery Material.</u>  No later than 30 days after the unappealed or unappealable final judgment or settlement of this action, all Confidential Discovery Material shall be destroyed by shredding or burning or be returned to the producing party, except that counsel of record may retain for their files copies of any papers served or filed in this action, including portions of any such papers that contain or disclose Confidential Discovery Material.

12. <u>Continued Effect of this Order.</u>  Neither the termination of this action nor the termination of employment of any person who had access to any Confidential Discovery Material shall relieve any person from the obligation of maintaining both the confidentiality and the restrictions on use of anything disclosed pursuant to this Order. This Order shall remain in full force and effect and be enforceable according to its terms regardless of whether this court shall retain jurisdiction over this action.  This Order shall be effective from the time that it is signed by counsel for all parties, even if it has not yet been signed or journalized by the Court.

IT IS SO ORDERED.

Dated: May __14__, 2018.

_____
UNITED STATES ~~DISTRICT~~ JUDGE
Magistrate

AGREED TO BY:

_____
Peter A. Saba
Jeffrey M. Nye
Stagnaro, Saba & Patterson Co., LPA
2623 Erie Avenue
Cincinnati, Ohio 45208
513-533-2700
pas@sspfirm.com
jmn@sspfirm.com
**Counsel for S&S Healthcare**

_____
Maureen A. Bickley
Stephen R. Hernick
Frost Brown Todd LLC
3300 Great American Tower
301 East Fourth Street
Cincinnati, Ohio 45202
513-651-6800
mbickley@fbtlaw.com
shernick@fbtlaw.com
**Counsel for Three Rivers Provider Network**

0137787.0655489  4848-5054-7813v1

12. Continued Effect of this Order. Neither the termination of this action nor the termination of employment of any person who had access to any Confidential Discovery Material shall relieve any person from the obligation of maintaining both the confidentiality and the restrictions on use of anything disclosed pursuant to this Order. This Order shall remain in full force and effect and be enforceable according to its terms regardless of whether this court shall retain jurisdiction over this action. This Order shall be effective from the time that it is signed by counsel for all parties, even if it has not yet been signed or journalized by the Court.

IT IS SO ORDERED.

Dated: May 14, 2018.

UNITED STATES ~~DISTRICT~~ JUDGE
Magistrate

AGREED TO BY:

Peter A. Saba
Jeffrey M. Nye (per 5/15/18 e-mail authority)
Stagnaro, Saba & Patterson Co., LPA
2623 Erie Avenue
Cincinnati, Ohio 45208
513-533-2700
pas@sspfirm.com
jmn@sspfirm.com
**Counsel for S&S Healthcare**

Maureen A. Bickley
Stephen R. Hernick
Frost Brown Todd LLC
3300 Great American Tower
301 East Fourth Street
Cincinnati, Ohio 45202
513-651-6800
mbickley@fbtlaw.com
shernick@fbtlaw.com
**Counsel for Three Rivers Provider Network**

0137787.0655489 4848-5054-7813v1

7