UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

S&S HOLDCO, INC.,                                Case No. 1:17-cv-783
    Plaintiff,                                        Bertelsman, J.
                                                         Litkovitz, M.J.

vs.

THREE RIVERS PROVIDER                ORDER
NETWORK, INC.,
    Defendant.

       This matter is before the Court on plaintiff S&S Holdco, Inc.'s motion to strike defendant's amended counterclaim (Doc. 63), defendant Three Rivers Provider Network, Inc.'s opposing memorandum (Doc. 64), and plaintiff's reply (Doc. 66). In the alternative, defendant moves for leave to file its amended counterclaim (Doc. 65), which plaintiff opposes (Doc. 67).

       Plaintiff filed a second amended complaint with leave of court on January 24, 2020. (Doc. 61). Defendant filed an answer and first amended counterclaim to the second amended complaint on February 14, 2020. (Doc. 62). Plaintiff contends that defendant improperly filed the answer and amended counterclaim without first seeking leave of Court, which plaintiff asserts is required under Fed. R. Civ. P. 15(a)(2). (Doc. 63 at 2, citing *Bern Unlimited, Inc. v. Burton Corp.*, 25 F. Supp. 3d 170 (D. Mass. 2014)).[1] Plaintiff asks the Court to strike defendant's pleading and require defendant to seek leave to amend its counterclaim. (*Id.*). Defendant subsequently moved for leave to file its amended counterclaim on March 26, 2020. (Doc. 65). Plaintiff argues in response that to the extent defendant is permitted to amend its counterclaim, plaintiff will need to conduct additional discovery on defendant's newly-asserted

---

[1] Plaintiff alleges that "courts in this circuit [] have been clear that Rule 15(a)(2)'s leave requirement applies to amendments to a party's counterclaims, including when responding to an amended complaint"; however, plaintiff has not provided any citations for cases from the Sixth Circuit in its motion to strike.

counterclaim for unjust enrichment. (Doc. 67). Plaintiff does not otherwise object to the proposed amendment.

Because plaintiff does not oppose defendant's motion for leave to amend, the Court will allow defendant to amend its counterclaim and give plaintiff additional time to conduct discovery on the unjust enrichment claim if necessary. Defendant's motion for leave to file its answer and amended counterclaim (Doc. 65) is **GRANTED**. Plaintiff's motion to strike defendant's answer and amended counterclaim (Doc. 63) is **DENIED** as moot.

**IT IS SO ORDERED.**

Date: May 29, 2020

Karen L. Litkovitz
United States Magistrate Judge