IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **S&S HOLDCO, INC.** | : | Case No. 1:17-cv-00783 |
| | : | |
| Plaintiff, | : | Judge William O. Bertelsman |
| | : | Magistrate Judge Karen L. Litkovitz |
| v. | : | |
| | : | |
| **THREE RIVERS PROVIDER** | : | **PLAINTIFF'S RESPONSE TO** |
| **NETWORK, INC.** | : | **DEFENDANT'S OBJECTIONS TO** |
| | : | **EXPERT WITNESS IDENTIFICATION** |
| Defendant. | : | |

TRPN's objections to the identification of expert witnesses is unwarranted, and nothing more than an effort to use inappropriate procedural tactics to avoid litigating the merits of this case. Notwithstanding the constraints placed upon the Court, and litigation generally, by the Coronavirus for the past 11 months, the current status of this case dictates that the setting of a new calendar order which includes the identification of expert witnesses is appropriate:

    i)    Consistent with Local Rule 16.2 and this Court's prior calendar order dated January 22, 2020, indicating that a new calendar order will be issued following the resolution of a motion to compel, the Court has already determined that good cause exists for the issuance of said new scheduling order;

    ii)    Discovery is still ongoing in this case with a pending dispute regarding the taking of the deposition of Defendant's decision maker Blaine Pollock which, to date, Defendant has refused to produce;

    iii)    No trial date, formal pre-trial date, dates for dispositive motions, nor discovery cut-off have been set (nor is it clear when the status of the Coronavirus will permit such dates);

iv) Despite Defendant's misleading discovery response, Plaintiff has recently uncovered that, Defendant, TRPN Direct Pay, Inc. ("TRPN DP") and Blaine Pollock have breached the NDA with plaintiff and conspired to misappropriate Plaintiff's confidential information, necessitating that the Complaint in this matter be amended to add Pollock and TRPN Direct Pay, Inc. as Defendants; and

v) Defendant concedes that Plaintiff should be entitled to identify experts and provide expert testimony, but contrary to the civil rules and the truth seeking function of the litigation process, is seeking to dictate which experts Plaintiff may call (i.e. the expert must be employed by S&S) and the subjects to which they may testify.

S&S is prepared to identify experts for purposes of this litigation. As indicated above, however, after being informed in July 2020 that the Court was inclined to overrule Defendant's objections to Plaintiff identifying experts, Defendant made further inappropriate attempts to limit expert disclosure by demanding that Plaintiff agree to limit the identity of such experts and the subject matters on which they would testify (to which Plaintiff did not agree, and disputes that they ever made any representation that they would). As a result, expert witnesses still have not been identified, and will not be able to be identified until this Court renders a decision on TRPN's objections.

TRPN's objections should be overruled, and as anticipated in January, 2020, a new calendar order with new expert witness disclosure deadlines should issue.

**I.** **Timeline of events giving rise to the dispute over expert witness identification.**

TRPN completely mischaracterizes the timeline of events which led to this dispute regarding expert witness disclosures, including in particular the events which led to the Court's January 22, 2020 Order.

The January 22 Order stayed all calendar deadlines in this case to allow the parties to brief a motion to compel the testimony of Blaine Pollock (TRPN's founder, former owner, and current managing agent). (*See* January 22, 2020 Order, Doc#59, PAGEID #317). The Order resulted from TRPN's notification to Plaintiff in the Fall of 2019 that they would not be producing Pollock for deposition because he was supposedly no longer associated with TRPN, and now resides overseas. Since TRPN made that representation, S&S has uncovered evidence that Pollock remains heavily involved with TRPN and its employees, with particular respect to Direct Pay. (*See* Plaintiff's Motion to Compel, *supra,* Doc. # 81, PAGEID # 428-445).

S&S spent weeks corresponding with TRPN's counsel regarding TRPN's obligation to produce Pollock, and S&S' need for such testimony before discovery could be completed. (*See* **Exhibits 1-4** to Smith Aff.). S&S eventually served a Notice of Deposition on TRPN, and when Defendant notified Plaintiff that neither TRPN's counsel nor Pollock would attend, Plaintiff sought court intervention. (*Id.*). This included informal conferences with the Court on December 20, 2019 and January 22, 2020.

At the January 22, 2020 conference, the parties and court discussed the discovery dispute and need for a new calendar order in this case. It is Plaintiff's counsel recollection that the Court indicated to the parties that it would issue a new calendar order with all new dates following resolution of the motion to compel. Following the January 22, 2020 conference, the Court issued an Order indicating that the calendar dates in the litigation were stayed pending Plaintiff's submission of a motion to compel relating to Pollock. (*See* Doc#59, PAGEID #317).

In the months that followed, COVID-19 arose in the United States, delaying the filing of Plaintiff's Motion to Compel. Indeed, while Plaintiff had originally intended to prepare and file its motion to compel shortly after the January 22, 2020 conference, it held off on doing so given that

3

the pandemic halted the ability of Plaintiff's counsel to travel to Italy, or for Pollock to travel to the United States.

On July 22, 2020, the parties attended a status conference with the Court, in which the Court directed the parties to submit a new proposed calendar order to the Court by Monday, July 27, 2020. (*See* July 22, 2020 Minute Entry). This was consistent with counsel's understanding that the Court was asking the parties to set a new calendar order with new dates. In light of this understanding, Plaintiff's counsel then proposed such dates to Defendant's counsel via e-mail, including new expert disclosure deadlines:

| | |
|---|---|
| Plaintiff's Expert Disclosure: | October 30, 2020 |
| Defendant's Expert Disclosure: | November 30, 2020 |
| Rebuttal Expert Disclosure: | December 31, 2020 |
| Discovery Cutoff: | January 29, 2021 |
| Dispositive Motion Deadline: | February 26, 2021 |

(*See* **Exhibit 5** to Smith Aff.). Plaintiff and Defendant had agreed to extend deadlines on at least three occasions in this case, and each time the parties had set new deadlines for expert witness disclosures, despite such deadlines having previously expired. (*See* Doc # 17, 21, 25, 35). Defendant concedes as much in its brief opposing expert witness disclosure. (*See* Def's Opp. to Plaintiff's "Request to Extend Expert Witness Deadlines," pg. 4, Doc # 80, PAGEID # 410).

Defendant's counsel responded, indicating for the first time that they were not agreeable to new dates for expert witness identification. (*Id.*). Plaintiff's counsel responded back, making clear that the past expert deadlines had been vacated or stayed by the Court through agreement of the parties, and Plaintiff was simply proposing new dates as it had done in the past. (*Id.*). Moreover, Plaintiff's counsel indicated that the Court would likely seek to set such deadlines rather than apply the 90-day default limitation under Fed. R. Civ. P. 26(b)(2)(D), given its understanding that the

prior calendar order had been effectively vacated. (*Id.*). Defendant stood by its refusal, and the parties then sought court intervention to resolve the dispute. (*See* **Exhibit 6** to Smith Aff.).

The Court held a status conference with the parties on July 30, 2020, during which the parties discussed the dispute with the Court and made respective arguments regarding expert disclosures. The Court informed the parties that it was inclined to permit expert disclosures in the new calendar order, but gave Defendant's counsel an opportunity to inform the Court whether Defendant would object to the same. An order from the court then followed, in which the Court directed that "[o]n or before August 6, 2020, the parties shall either submit a proposed calendar order that includes expert witness deadlines, or defendant shall notify the Court, in writing, that it wishes to brief the expert witness issue." (*See* Doc # 72, PAGEID # 396).

Defendant followed up with Plaintiff's counsel with an inappropriate attempt to negotiate a limit on the subject matter and identity of Plaintiff's expert witnesses. In particular, on August 6, 2020, Defendant's counsel e-mailed counsel for Plaintiff, making a vague statement that TRPN "is not going to object to the court's decision on expert witnesses assuming S&S's disclosure will be limited as described by counsel during our status conference." (*See* **Exhibit 7** to Smith Aff.). Plaintiff's counsel responded, asking for clarification on the "limitations" that Defendant's counsel was referencing. (*Id.*). Defendant's counsel then asserted (wrongly) that Plaintiff's counsel "indicated that S&S intended to identify an internal expert to testify with respect to the software program itself since it is highly technical in nature." (*Id.*). Given that Plaintiff's counsel had never agreed to such a limitation, counsel took time to consider whether such a limitation would be agreeable, especially given that it was not required under any civil or evidentiary rules.

On December 15, 2020, TRPN sought a status conference with the Court to further discuss the expert witness issue. The Court then set a status conference for January 7, 2021 at 2:00 p.m.

5

(*See* December 16, 2020 Minute Entry). In light of Defendant's request for the status conference, Plaintiff's counsel informed Defendant's counsel that it was not agreeable to the proposed limitations by Defendant regarding expert witnesses, and that it intended to identify outside third-party experts. (*See* **Exhibit 8** to Smith Aff.). Plaintiff's counsel also asked Defendant's counsel for confirmation whether it was agreeable with the same, or intended to proceed with its objections. (*Id.*). Defendant's counsel responded, claiming that it needed to know "on what subject S&S intends to identify experts[,]" and wrongly claimed that this was a "new position" of S&S as to experts. (*Id.*).

Plaintiff's counsel responded that S&S had never agreed to such a limitation on expert witnesses, and that it intended to identify experts for all permitted purposes including, but not limited to, (i) standard activities and expenses in the course of an implementation process by the third party administrator; (ii) information technology (IT) issues; and (iii) damages. (*Id.*).

At the January 7, 2021 status conference, the parties further discussed the outstanding issues in this case, including (i) the need for Pollock's deposition, and (ii) the expert witness deadline. Following that conference, the court set a briefing schedule for Plaintiff's motion to compel TRPN to produce Pollock, and scheduled a follow-up status conference for January 12, 2021 regarding expert witness disclosures. (*See* Doc#75, PAGEID # 399). At that January 12 conference, Defendant's counsel informed the Court that it intended to oppose expert witness identification, and the Court set a briefing schedule for the same. (*See* Doc#76, PAGEID # 400).

**II.     The prior calendar deadlines were effectively vacated, and as such a new calendar order should include the identification of expert witnesses.**

Defendant cannot avoid the fact that the deadlines in this case have been stayed since January 2020 pursuant to this Court's Order, meaning that, in effect, the Court already determined over a year ago that good cause exists to modify the scheduling order. The "good cause" is

6

Defendant's refusal to produce Pollock for deposition despite prior requests by Plaintiff in the Fall of 2019, which has necessitated a motion to compel to be briefed and resolved.

Pursuant to the Court's Order, an amended calendar order is to issue following the resolution of that motion. There is no reason why this new calendar order should not include new expert witness disclosure deadlines, as the parties have agreed to in the past and the Court has entered at least 3 times. Indeed, such experts could have been identified months ago had Defendant simply agreed to the dates proposed by Plaintiff. Instead Defendant has opposed, been told that their opposition would likely be overruled, and after being told the same sought an improper limitation from Plaintiff as to the identity of the expert and the subject matters on which they could testify.

There is also no prejudice to Defendant in permitting the disclosure of experts in this new calendar order. There is no trial date set in this case, and discovery will remain ongoing following the resolution of the motion to compel. Beyond that, with potential additional parties to the extent S&S' motion for leave to amend is granted (TRPN DP and Pollock), it is likely that the discovery timeline will need to be extended in any event, including for expert witnesses as to those claims. It makes logical sense to allow the parties to identify experts during this lull in the case, such that they can proceed with any necessary discovery on the same while the Court resolves the motion to compel and motion for leave to amend. Defendant also cannot argue that they were somehow surprised by the expert witness identification—every calendar order prior to this one has contemplated expert witnesses, and Plaintiff has never made an indication that they do not intend to utilize experts in this case.

### III. To the extent the court finds that the prior expert disclosure deadline still applies, the failure to disclose experts by that deadline was substantially justified and harmless.

To the extent the Court determines that its January 22, 2020 Order does not contemplate a new calendar order with new expert disclosure deadlines, Plaintiff submits that any purported failure to identify experts by the prior September 30, 2019 deadline was substantially justified, harmless, and due to excusable neglect. *See* Fed. R. Civ. P. 37(c)(1)("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), a party is not allowed to use that information or witness…unless the failure was substantially justified or harmless."); *Kassim v. United Airlines, Inc.*, 320 F.R.D. 451, 453 (E.D. Mich 2017) citing *Morgan v. Gandalf, Ltd.,* 165 F. App'x 425, 428 (6th Cir. 2006)(stating plaintiff must show that failure to act was due to "excusable neglect under Rule 6(b)(1)(B)). As such, an "extension" of such dates, and/or inclusion of such dates in the new calendar order is warranted.

As described above, a discovery dispute arose between the parties in the Fall of 2019 regarding Pollock, and TRPN's refusal to produce him. This was roughly the same time that experts were to be identified. As a result of the discovery dispute, Plaintiff was understandably focused on obtaining a fact witness central to this case (Pollock), and sought court intervention to do so. Indeed, Pollock was the central decisionmaker for TRPN, and the same individual who misrepresented that TRPN would make payment to S&S in order to induce it to perform further work.

The refusal to produce Pollock, and Plaintiff's seeking of Court intervention resulted in an Order from the Court indicating that the calendar dates in the matter were all stayed, pending the resolution of this discovery dispute. It was Plaintiff's understanding that this Order meant that new deadlines would be issued, including for expert witnesses. Indeed, when the Court directed the parties to submit a new calendar order in July 2020, it made no indication that the prior calendar deadlines remained in place. Plaintiff then submitted such deadlines, including expert disclosure,

8

to Defendant, believing that the parties were on the same page regarding new deadlines (as they had been in the past).

It was only when Defendant objected to expert witness identification for the first time that Plaintiff became aware that there was an apparent misunderstanding. Since that time, Plaintiff has continued to make its position regarding expert witnesses known, and it is only because Defendant opposes this expert identification or otherwise sought improper limitations that the disclosure has been further delayed.

The purported delay in identifying experts is also harmless. As set forth above, a new calendar order is to be issued following resolution of the motion to compel. There is no trial date, pre-trial date, dispositive motion deadline, or discovery cutoff currently set for this matter. The parties have a full opportunity to establish new discovery deadlines once the motion to compel is resolved, and there is no reason why this could not also include expert witnesses (as has been contemplated in every other calendar order). Defendant has also been well aware that experts would be identified in this case, especially given the repeated agreement on extensions of the expert witness identification deadline in the past. Their opposition to identifying experts now is simply an effort to take improper advantage of a purportedly missed deadline that arose in part because of a discovery dispute.

**IV. The recent discovery of evidence giving rise to claims against Pollock, TRPN DP, and additional claims against TRPN warrants new discovery deadlines, including for expert witnesses.**

Finally, as this Court is aware Plaintiff is seeking to add claims against Pollock, TRPN, and TRPN DP. The circumstances surrounding these newly discovered parties and claims are more fully set forth in Plaintiff's Motion to Compel and Motion for Leave to Amend, but in summary: TRPN, TRPN DP, and Pollock have engaged in a scheme to misappropriate S&S' confidential and

9

proprietary information, including the enhancements and developments S&S made to the Direct Pay concept, for their own use and benefit. This scheme included the formation of TRPN DP in 2018 in order to apparently act as deceptive conduit for the transfer of funds to Pollock from TRPN for his work as a Direct Pay "consultant." The claims were recently discovered through testimony in California litigation, *Qiu v. Three Rivers Provider Network, Inc.*, and contradict prior representations by Defendant in discovery that Pollock no longer has any relationship with TRPN.

These additional claims, if granted, will inevitably result in the need for additional discovery against these parties, and as to the newly asserted misappropriation claims. They would also warrant new expert witness disclosure deadlines, such that Plaintiff can identify any experts in support of those claims. Plaintiff's recent discovery of these claims due to Defendant's misrepresentations in discovery not only warrant good cause for an amended complaint, but also for extension of the other applicable deadlines under Rule 16(b). *See Permasteelisa CS Corp. v. Airolite Co., LLC,* No. 2:06-cv-0569, 2007 U.S. Dist. LEXIS 41974, at *6 (S.D. Ohio June 8, 2007)("Certainly, if a party is delayed in discovering the basis for amending its pleadings due to circumstances beyond its control, it may use that delay as a basis for arguing that a Rule 16(b) order deadline should be extended.").

As such, separate and apart from the aforementioned reasons to include expert witness identification in the new calendar order, such disclosures are also warranted in light of the proposed additional parties and claims.

### V.     Conclusion

For the foregoing reasons, Plaintiff S&S respectfully requests that this Court overrule Defendant's objections to the identification of expert witnesses, and issue a calendar order including the same following the resolution of Plaintiff's Motion to Compel.

Respectfully submitted,

/s/ Peter A. Saba
Peter A. Saba (0055535)
Jeffrey M. Nye (0082247)
Joshua M. Smith (0092360)
STAGNARO, SABA
& PATTERSON CO., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
(513) 533-2701
(513) 533-2711 (fax)
pas@sspfirm.com
**Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that the foregoing was served on all counsel of record via CM/ECF this 16th day of February, 2021.

/s/ Peter A. Saba
Peter A. Saba (0055535)